UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BRIAN RATVASKY,

    **Plaintiff,**

v.                                           Case No.:

THOMPSON GLOBAL PARTNERS, LLC,
a Florida limited liability company; and
MARK THOMPSON, an individual,

    **Defendants.**
_____/

## COMPLAINT

1. Plaintiff, BRIAN RATVASKY ("Plaintiff") is a former employee of Defendant, THOMPSON GLOBAL PARTNERS, LLC, a Florida limited liability company, and at all times reported directly to its officer and owner, MARK THOMPSON (collectively referred to as "Defendants") and brings the following actions:

## GENERAL ALLEGATIONS

2. Jurisdiction is conferred on this Court by 28 U.S.C. §§ 1331, 1337 and by 29 U.S.C. § 216(b).

3. Plaintiff, BRIAN RATVASKY ("Plaintiff"), is a resident of Hillsborough County, Florida.

4. Defendant, THOMPSON GLOBAL PARTNERS, LLC, ("TGP"), is a Florida limited liability with its principal place of business in Tampa, Florida.

5. Plaintiff was employed by TGP as a full time hourly employee from September 26, 2012 through April 1, 2016, and performed his duties in Hillsborough County, within the jurisdiction of this Court.

6. At all times relevant to this Complaint, Plaintiff was employed by TGP as a non-exempt Senior Instrument Engineer at a rate of $45.00 per hour.

## COUNT 1:
## VIOLATION OF FAIR LABOR STANDARDS ACT

7. This is a civil action for relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA").

8. Defendant, MARK THOMPSON ("Thompson") is an owner, shareholder, and officer of TGP with operational control of TGP, which meets the FLSA definition of "employer", and therefore jointly and severally liable under the FLSA for Plaintiff's damages.

9. Defendant Thompson acted directly in the interests of TGP in relation to Plaintiff's employment and Thompson was Plaintiff's direct supervisor.

10. This action is brought to recover overtime compensation, liquidated damages, and the costs and reasonable attorneys' fees under the FLSA, 29 U.S.C. § 216(b).

11. Defendant TGP is a covered enterprise under the FLSA.

12. At all times relevant to this Complaint, Defendants owned and operated a business engaged in commerce as defined in the FLSA, 29 U.S.C. §§ 203(r) and 203(s).

13. At all times relevant to this Complaint, Defendant TGP had 15 to 25 employees who regularly sold, handled, or otherwise worked on materials that had been moved in or produced for commerce.

14. Defendants hired employees to produce, design, and/or draft technical drawings for business entity customers including out of state businesses including, but not limited to, Specialty Minerals in Alabama and South Carolina.

15. Those same employees sourced, received quotes from, and purchased materials related to customer jobs, including but not limited to piping and valves, from out of state vendors including, but not limited to, Eastern Controls, Applied Controls, Proconex, and Nutech Control Products in Pennsylvania; Rosemount Inc. in Minnesota; and Endress & Hauser Inc. in Indiana.

16. Upon knowledge and belief, Defendant TGP's annual sales revenue from its clients exceeded $500,000.00.

17. In the alternative, Plaintiff is a covered individual under the FLSA.

18. At all times relevant to this Complaint, Plaintiff regularly sold, handled, or otherwise worked on materials that had been moved in or produced for commerce.

19. At all times relevant to this Complaint, Plaintiff produced, designed, and/or drafted technical drawings for business entity customers including out of state businesses including, but not limited to, Specialty Minerals in Alabama and South Carolina.

20. At all times relevant to this Complaint, Plaintiff sourced, received quotes from, and purchased materials related to customer jobs, including but not limited to piping and valves, from out of state vendors including, but not limited to, Eastern Controls, Applied Controls, Proconex, and Nutech Control Products in Pennsylvania; Rosemount Inc. in Minnesota; and Endress & Hauser Inc. in Indiana.

21. At all times relevant to this Complaint, Plaintiff used the telephone and electronic mail to sell TGP's products and services, and to communicate with and provide services to TGP clients throughout the United States.

22. The activities described in paragraphs 18 to 21 were Plaintiff's primary job responsibility and Plaintiff performed these activities regularly at all times relevant to this Complaint.

23. During employment with Defendants, Plaintiff was employed as a non-exempt Senior Instrument Engineer at a rate of $45.00 per hour.

24. Plaintiff generally worked 35 to 40 hours per week in Defendants' office.

25. However, Plaintiff regularly worked in excess of 40 hours per week because he checked emails daily at home, and he routinely worked late or on weekends to meet project deadlines, and he did not receive pay for working through his lunch breaks.

26. In 2014, Defendants failed to pay Plaintiff for 16 weeks of work.

27. In 2014, Plaintiff regularly worked in excess of 40 hours per week but did not receive overtime compensation equal to one and one-half of his regular rate of pay for all hours worked in excess of forty (40) hours, or approximately 220 hours of overtime.

28. In 2014, if Plaintiff received any pay, he only received payment for forty (40) hours, with no additional compensation for working overtime hours.

29. In 2015, Defendants failed to pay Plaintiff for 22 weeks of work.

30. In 2015, Plaintiff regularly worked in excess of 40 hours per week but did not receive overtime compensation equal to one and one-half of his regular rate of pay for all hours worked in excess of forty (40) hours, or approximately 185 hours of overtime.

31. In 2015, if Plaintiff received any pay, he only received payment for forty (40) hours, with no additional compensation for working overtime hours.

32. In 2016, Defendants failed to pay Plaintiff for 14 weeks of work.

33. In 2016, Plaintiff regularly worked in excess of 40 hours per week but did not receive overtime compensation equal to one and one-half of his regular rate of pay for all hours worked in excess of forty (40) hours, or approximately 10 hours of overtime.

34. In 2016, if Plaintiff received any pay, he only received payment for forty (40) hours, with no additional compensation for working overtime hours.

35. In total, Defendants failed to pay Plaintiff for 52 weeks of work at Plaintiff's regular rate, or 2080 hours, and Defendants failed to pay Plaintiff for approximately 415 hours of overtime.

36. Plaintiff did not earn at least minimum wage for the weeks in which Plaintiff did not receive any payment for the hours he worked.

37. In the alternative, during employment with Defendant, Plaintiff's job was mis-classified as exempt from the overtime provisions of the FLSA.

38. In the alternative, Defendants did not meet the minimum salary requirements as defined in Section 13(a)(1) of the FLSA and 29 C.F.R. Part 541, for the weeks in which Plaintiff did not receive any payment for the hours he worked.

39. In the alternative, because Defendants did not meet the minimum salary requirements for an exempt employee, because Defendants failed to make payment to Plaintiff for a total of 52 weeks, Plaintiff's job should have been classified as non-exempt.

40. All records, if any, concerning the number of hours and compensation paid to Plaintiff are in the possession and custody of Defendants.

41. Because Defendants' actions were intentional, willful and unlawful, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

42. Plaintiff retained the undersigned attorneys to represent him in this action.

43. Pursuant to 29 U.S.C. § 216(b), Plaintiff is entitled to recover all reasonable attorneys' fees and costs incurred in this action.

WHEREFORE, Plaintiff, BRIAN RATVASKY demands judgment against DEFENDANTS, THOMPSON GLOBAL PARTNERS, LLC, AND MARK THOMPSON, for the payment of all hours worked during the relevant period, including overtime hours at one and one-half times his regular rate of pay, liquidated damages, interest, and reasonable attorneys' fees and costs of suit, and such further relief that this Court deems appropriate.

## COUNT II: UNPAID WAGES UNDER FLORIDA STATUTE 448.08

44. This is a civil action for unpaid wages under Florida Statute § 448.08.

45. Jurisdiction is proper for this supplemental claim under 28 U.S.C.A. § 1367.

46. Plaintiff, BRIAN RATVASKY ("Plaintiff"), was an employee of THOMPSON GLOBAL PARTNERS, LLC ("TGP"), and performed his duties in Hillsborough County, Florida, which is within the jurisdiction of this Court.

47. Defendant, TGP, is a Florida limited liability with its principal place of business in Tampa, Florida.

48. At all times relevant to this Complaint, Plaintiff's pay rate was $45.00 per hour and he was supposed to be paid on a bi-weekly basis.

49. In 2014, Defendant TGP failed to pay Plaintiff for 16 weeks of work.

50. In 2015, Defendant TGP failed to pay Plaintiff for 22 weeks of work.

51. In 2016, Defendant TGP failed to pay Plaintiff for 14 weeks of work.

52. In total, Defendant failed to pay Plaintiff for 52 weeks of work.

53. Plaintiff worked between 35 and 45 hours per week from 2014 to 2016.

54. Florida Statute § 448.08 provides that an employee may sue his employer for unpaid wages, and if he is successful, the employee is entitled to costs of the action in addition to reasonable attorneys' fees.

WHEREFORE, Plaintiff, BRIAN RATVASKY, demands judgment against Defendant, THOMPSON GLOBAL PARTNERS, LLC, for damages including unpaid wages, interest, reasonable attorneys' fees and costs of suit, and such further relief that this Court deems appropriate.

## COUNT III:
## DETRIMENTAL RELIANCE

55. This is a civil action for detrimental reliance or quasi-contract.

56. Jurisdiction is proper for this supplemental claim under 28 U.S.C. § 1367.

57. Thompson, as owner and President of TGP, promised Plaintiff at the time he was hired that Plaintiff would receive reimbursement from TGP for job related expenses.

58. Plaintiff relied on Thompson's promise and paid for job-related expenses on behalf of TGP, and estimated to be $1,255.92.

59. Plaintiff relied on Defendants' promises to his detriment because Defendants failed to reimburse Plaintiff for the job related expenses.

7

60.     Plaintiff relied on Thompson's promise and worked for TGP on a full time basis, and for many weeks, went without a paycheck.

61.     Thompson, as owner and President of TGP, promised Plaintiff at the time he was hired that Plaintiff would receive $45.00 per hour for all hours he worked.

62.     Plaintiff relied on Defendants' promises to his detriment because Plaintiff went without pay, and could have found other employment, because Defendants failed to pay Plaintiff as agreed.

63.     Plaintiff attempted to resolve all issues with Defendants prior to filing this Complaint, specifically via a July 5, 2016 demand letter from counsel for Plaintiff, Mickey Keenan, but Defendants failed to respond to that letter and failed to respond to a follow up phone call from attorney Keenan.

WHEREFORE, Plaintiff, BRIAN RATVASKY, demands judgment against Defendant, THOMPSON GLOBAL PARTNERS, LLC, for reimbursement of job related expenses for which Defendant failed to reimburse Plaintiff, and such further relief that this Court deems appropriate.

Respectfully submitted on August 22, 2016.

| /s/ Michael P. Keenan | /s/ Kimberly Isner Monticello |
|---|---|
| MICHAEL P. KEENAN | KIMBERLY ISNER MONTICELLO |
| Florida Bar No.: 848581 | Florida Bar No.: 056069 |
| Trial Counsel | Co-Counsel |
| Mickey Keenan, P.A. | Monticello Law Firm, PA. |
| 106 S. Tampania Ave., Suite 100 | 2202 N. Westshore Blvd., Suite 200 |
| Tampa, Florida 33609 | Tampa, Florida 33607 |
| Telephone: (813) 871-1300 | Telephone: (813) 367-3677 |
| Facsimile: (813) 871-1313 | Facsimile: (855) 767-5734 |
| mk@mickeykeenan.com | kmonticello@monticellolawfirm.com |
| Attorney for Plaintiff, Brian Ratvasky | Attorney for Plaintiff, Brian Ratvasky |