UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BRIAN RATVASKY,

    Plaintiff,

v.                                Case No.: 8:16-cv-02398-SDM-MAP

THOMPSON GLOBAL PARTNERS, LLC,
a Florida limited liability company; and
MARK THOMPSON, an individual,

    Defendants.
_____/

## AMENDED SETTLEMENT AGREEMENT AND GENERAL RELEASE

Plaintiff, BRIAN RATVASKY ("Plaintiff") on his own behalf, and Defendants, THOMPSON GLOBAL PARTNERS, LLC, a Florida limited liability company, and its officer and owner, MARK THOMPSON (collectively referred to as "Defendants"), agreed to a Settlement Agreement and General Release on December 9, 2016, and pursuant to Court Order, the parties agreed to certain amendments to that agreement on March 21, 2017 (referred to as "Amended Agreement"). As a result, the parties resolve all issues in the above-styled case via this Amended Agreement as follows:

### Definitions

1.    The "case" or "action" shall mean Case No.: 8:16-cv-02398-SDM-MAP, pending in the United States District Court for the Middle District of Florida; regarding Plaintiff's employment with Defendants and Plaintiff's entitlement to unpaid wages and overtime wages under the Fair Labor Standards Act, 29 U.S.C. § 216(b) ("FLSA"), Florida's "Unpaid Wage Statute", § 448.08.

Exhibit "A"

2. "Employee" shall mean, BRIAN RATVASKY, his heirs, executors, personal representatives and attorneys, administrators, assigns, beneficiaries, successors in interest, representatives and anyone claiming by or through him.

3. "Employer" shall mean THOMPSON GLOBAL PARTNERS, LLC, a Florida limited liability company, and its officer and owner, MARK THOMPSON, their predecessors and successors in interest, assignees, parents, subsidiaries, parent corporations, affiliates, divisions and related companies and entities, and their past, present, and future shareholders, officers, directors, supervisors, managers, employees, agents, attorneys and representatives, in their individual and official capacities, and their heirs and legal representatives.

### Amended Agreement and General Release

Each definition noted above is expressly incorporated into the paragraphs below.

4. The parties recognize: the Plaintiff made a demand for damages in excess of $100,000.00; that Employer does not admit, but rather, specifically denies liability as alleged to Employee, or any liability to anyone else as a result of or growing out of matters included or contemplated by Employee's pleadings in the above-styled case.

5. Employee recognizes that continued litigation would likely taken additional time and Employee desires to accept the settlement described below due to several factors, including but not limited to the following considerations:  a) the uncertainty of litigation; b) the likelihood of success on the disputed overtime claim; c) counsel's willingness to reduce fees to effectuate early settlement; d) the ability to use the settlement proceeds for educational expenses, and e) the desire to receive payments in a timely manner.

6. In light of the above, the parties have agreed to resolve and settle the case where Employer agrees to pay, and Employee, and his attorneys, agree to accept the total sum of Thirty Five Thousand Nine Hundred and Fifty dollars ($33,250.00), as follows:

    a. $6,750.00 which was paid by Employer directly to Employee subsequent to the Complaint filed in this matter but prior to settlement; and

    b. $4,000.00 within ten (10) days of Employee's execution of the Amended Agreement, made payable to MICKEY KEENAN, P.A. TRUST ACCOUNT and delivered to Mickey Keenan, PA at 106 S. Tampania Ave., Ste 100, Tampa, Florida 33609, and such amount shall be held in trust by Mickey Keenan, PA, until the parties obtain Court approval of a settlement agreement in the above-captioned matter; and;

    c. $1,500.00 for fifteen (15) months, a total of $22,500.00, payable on the 1st of every month, beginning May 1, 2017 and ending on July 1, 2018, with the exception that if this Amended Agreement is not approved at the time such payment is to made, then payments shall be made payable to MICKEY KEENAN, P.A. TRUST ACCOUNT and delivered to Mickey Keenan, PA at 106 S. Tampania Ave., Ste 100, Tampa, Florida 33609 and such amount shall be held in trust by Mickey Keenan, PA, until the parties obtain Court approval of a settlement agreement in the above-captioned matter

    d. The settlement funds shall be allocated as follows:

        i.. $6,750.00 payable to Employee for back wages;

        ii. $6,885.00 payable to Employee for unpaid overtime;

      ii.       $13,635.00 payable to Employee as liquidated damages. Employer will issue Employee an IRS form 1099 and no withholding will be deducted;

      iv.       $5,980.00 payable to Mickey Keenan, PA, as attorneys' fees and costs for representation of Employee in this action, Employer will issue Mickey Keenan, PA an IRS form 1099.

7. In exchange for the settlement payment, and other good and valuable consideration, Employee remises, quits, releases, satisfies and discharges Employer (as defined in paragraph three (3) under Recitals and Definitions), of and from any and all claims for unpaid wages of any kind and in any manner, liquidated damages, interest, right of appeal, and attorneys' fees and costs associated with any and all such claims, which Employee has now, previously had, or may have in the future.

8. **For the purposes of this Amended Agreement, the Parties recognize that Defendants owe Plaintiff, $100,000.00 and have agreed to resolve and settle the case on the terms and conditions set forth herein. In the event of a default in the payments described above, and if the delinquent payment is not made within five (5) days following Plaintiff or it's attorney providing a Notice of Default and Opportunity to Cure to Defendants via email to Defendants' counsel at: mowen@mjolegal.com, Plaintiff shall be entitled to the entry of a money judgment against the Defendants, jointly and severally, in the sum of $100,000.00, plus interest at 11.5% per annum from the date of this Amended Agreement, less payments received under this Amended Agreement, plus costs of collection, including reasonable attorney fees.**

9. Employee agrees to assume full responsibility for and to hold Employer harmless for the payment of any federal, state, or local taxes with respect to the sums disbursed as described in paragraph five (5). Employee agrees to indemnify Employer and hold Employer harmless for any and all taxes, including interest or penalty assessed by any taxing entity against Employer, excluding the employer portion of FICA tax, which may be later determined.

10. If either party does not comply or act in accordance with the terms of this Amended Agreement, and in the event that the parties seek to enforce the terms of this Amended Agreement, the non-breaching party may recover, damages, and the reasonable costs and fees, including attorney's fees, incurred in establishing the breach and securing judicial relief. In the event that the provisions of this Amended Agreement are breached, the non-breaching party may recover damages for the breach without waiving the right to insist on the breaching party's continued fulfillment of all other obligations under the Release.

11. This Amended Agreement is made and entered into in the state of Florida, and shall be interpreted, enforced and governed under the laws of Florida. In the event of a breach of this Amended Agreement by either party, the other party shall be entitled to seek enforcement of this Amended Agreement exclusively before the Middle District of Florida in Hillsborough County, Florida, or another court of competent jurisdiction in Hillsborough County. This Amended Agreement shall not be construed to waive any right of removal that may apply to any action filed in state court by either party to this Release.

12. Employee agrees that he has not previously transferred, assigned, or conveyed any right or claim released in this Amended Agreement.

13. Employee agrees and acknowledges that the settlement payment described above and other good and valuable consideration provided, are consideration for this Amended Agreement. Employee agrees and acknowledges that he is only receiving the settlement payment described above because he signed, executed, and fulfilled the promises contained in this Amended Agreement.

14. Employee agrees that each of the following statements is truthful and accurate:

   a. Employee is over the age of 18, of sound mind and body, and legally competent to execute this Amended Agreement knowingly and voluntarily.

   b. Employee has sufficient education and experience to make choices for himself that may affect his legal rights.

   c. Employee is aware that settlement has significant legal consequences.

   d. Employee has consulted with an attorney of his choice prior to signing this Amended Agreement.

   e. Employee has decided to sign this Amended Agreement of his own free will, and his decision to sign this Amended Agreement has not been unduly influenced or controlled by any mental or emotional impairment or condition.

   f. Employee has not relied on any statement or representation made by Employer or agent, physician, lawyer, or other person or entity representing Employer concerning the nature, extent, or duration of the injuries, losses, damages, or liability involved and contemplated in this Amended Agreement.

   g. Employee agrees and acknowledges that payment of the above mentioned sum is settlement, and full satisfaction of all above and below mentioned actions, demands and claims whatsoever for wage related claims.

      h.      Employee is not executing this Amended Agreement because of any duress or coercion imposed on him by anyone.

17.      Except as otherwise specifically provided herein, any and all prior understandings and agreements between the parties with respect to the subject matter of this Amended Agreement are merged into this Amended Agreement, which fully and completely expresses the entire agreement and understanding of the parties with respect to the subject matter in the Amended Agreement.

18.      This Amended Agreement shall not be orally amended, modified, or changed, and shall be amended, modified, or changed only by a written agreement between the parties. This Amended Agreement may be executed in two or more counterparts, each of which shall be an original, but all of which shall constitute one and the same Release.

19.      The parties agree that each party shall bear their own attorneys' fees and costs, other than the payment for attorneys' fees described above.

20.      This Amended Agreement will constitute and may be treated as a full and complete defense against any action, suit, or proceeding that may be prosecuted, instituted, or attempted by the parties in breach of any term in this Amended Agreement.

21.      The language of all parts of this Amended Agreement shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against any of the parties. As used in this Amended Agreement, the singular or plural shall be deemed to include the other whenever the context so indicates or requires.

22. Should any provision of this Amended Agreement be declared or be determined by any court to be illegal or invalid, the remaining parts, terms or provisions shall remain valid unless declared otherwise by the court. Any part, term or provision determined to be illegal or invalid shall no longer be a part of this Amended Agreement.

PLEASE READ CAREFULLY.
THIS SETTLEMENT AGREEMENT INCLUDES A RELEASE
OF ALL KNOWN AND UNKNOWN WAGE RELATED CLAIMS

_____[signature]_____           4-6-17
EMPLOYEE, BRIAN RATVASKY                 DATE SIGNED

STATE OF FLORIDA        )
COUNTY OF HILLSBOROUGH  )

The foregoing instrument was acknowledged before me this 6th day of April, 2017, by BRIAN RATVASKY, who is personally known to me or who has produced FL DL R312-060-76-011-0 as identification, and who did (did not) take an oath, acknowledging that the above and foregoing is true and that it was executed freely and voluntarily for the purposes expressed above.

DAVID JOSEPH CARTER
Notary Public - State of Florida
Commission # GG 033914
My Comm. Expires Sep 27, 2020
Bonded through National Notary Assn.

Notary Public
My Commission Expires: 9/27/2020

_____         _____
EMPLOYER, MARK THOMPSON                  DATE SIGNED
ON HIS OWN BEHALF AND ALSO FOR
THOMPSON GLOBAL PARTNERS, LLC

_____

STATE OF FLORIDA        )
COUNTY OF HILLSBOROUGH  )

The foregoing instrument was acknowledged before me this ____ day of _____, 2017, by MARK THOMPSON, who is personally known to me or who has produced _____ as identification, and who did (did not) take an oath, acknowledging that the above and foregoing is true and that it was executed freely and voluntarily for the purposes expressed above.

Notary Public
My Commission Expires: _____

22. Should any provision of this Amended Agreement be declared or be determined by any court to be illegal or invalid, the remaining parts, terms or provisions shall remain valid unless declared otherwise by the court. Any part, term or provision determined to be illegal or invalid shall no longer be a part of this Amended Agreement.

PLEASE READ CAREFULLY.<br>
THIS SETTLEMENT AGREEMENT INCLUDES A RELEASE<br>
OF ALL KNOWN AND UNKNOWN WAGE RELATED CLAIMS

_____          _____
EMPLOYEE, BRIAN RATVASKY                              DATE SIGNED

STATE OF FLORIDA            )
COUNTY OF HILLSBOROUGH      )

The foregoing instrument was acknowledged before me this _____ day of _____, 2017, by BRIAN RATVASKY, who is personally known to me or who has produced _____ as identification, and who did (did not) take an oath, acknowledging that the above and foregoing is true and that it was executed freely and voluntarily for the purposes expressed above.

_____
Notary Public
My Commission Expires: _____

*/s/ Mark A. Thompson*                                04/05/17
EMPLOYER, MARK THOMPSON                             DATE SIGNED
ON HIS OWN BEHALF AND ALSO FOR
THOMPSON GLOBAL PARTNERS, LLC

_____

STATE OF FLORIDA            )
COUNTY OF HILLSBOROUGH      )

The foregoing instrument was acknowledged before me this 5th day of April, 2017, by MARK THOMPSON, who is personally known to me or who has produced _____ as identification, and who did (did not) take an oath, acknowledging that the above and foregoing is true and that it was executed freely and voluntarily for the purposes expressed above.

_____
Notary Public    *Michael J. Owen*
My Commission Expires: _____

MICHAEL J. OWEN
Notary Public - State of Florida
My Comm. Expires Nov 15, 2018
Commission # FF 142919

Page 8 of 8